UNITED STATES DISTRICT COURT
WESTERN DISTRICT OKLAHOMA

| | |
|---|---|
| 1) MID-SOUTH IRON WORKERS WELFARE PLAN;<br>2) IRON WORKERS MID SOUTH PENSION FUND;<br>3) OKLAHOMA IRON WORKERS' DIRECT CONTRIBUTION PLAN AND TRUST;<br>4) OKLAHOMA IRON WORKERS' APPRENTICESHIP & TRAINING FUND LOCAL 48; and<br>5) IRONWORKERS LOCAL 48<br><br>PLAINTIFFS,<br><br>v.<br><br>1) RSM DEVELOPMENT, INC.;<br>2) KEVIN RUGGS;<br>3) JUSTIN SMALL; and<br>4) NATE MOSER<br><br>DEFENDANTS | Case No. CIV-20-220-J |

## COMPLAINT

Plaintiffs, the Mid-South Iron Workers Welfare Plan ("Welfare Plan"), the Iron Workers Mid-South Pension Fund ("Pension Fund"), the Oklahoma Iron Workers' Direct Contribution Plan and Trust ("Direct Contribution Plan"), Oklahoma Iron Workers Apprenticeship & Training Funds Local 48 ("Apprenticeship Fund") (collectively referred to as "Plaintiff Funds"), and Ironworkers Local 48 ("Local"), assert their Complaint against Defendants RSM Development, Inc., Kevin Ruggs, Justin Small and Nate Moser, as follows:

1

## JURISDICTION AND VENUE

1. This is an action brought pursuant to §§ 502 and 515 of the Employee Retirement Income Security Act of 1974 ("ERISA"), as amended, 29 U.S.C. §§ 1132 and 1145, and § 301 of the Labor Management Relations Act, 29 U.S.C. § 185.

2. Jurisdiction and venue are conferred on this Court by 28 U.S.C. § 1331 and 29 U.S.C. §§ 185(a), 1132(a), (e), and (f).

## PARTIES

3. Plaintiff, Welfare Plan, is an "employee welfare benefit plan" as defined in § 3(1) of ERISA, as amended, 29 U.S.C. § 1002(1), established by the Iron Workers and employers in an industry affecting commerce, whose employees are members of that union, for the purposes of providing medical benefits to the employees. The Welfare Plan is authorized to sue in its own name by § 502(d)(1) of ERISA, 29 U.S.C. § 1132(d)(1). The Welfare Plan is administered in Oklahoma City, Oklahoma.

4. Plaintiff, Iron Workers Mid-South Pension Fund, is an "employee benefit pension plan" defined in § 3(2)(A)(i) of ERISA, as amended, 29 U.S.C. § 1002(2)(A)(i), established by the Iron Workers and employers in an industry affecting commerce, whose employees are members of that union, for the purposes of providing retirement income to the employees. The Pension Fund is authorized to sue in its own name by § 502(d)(1) of ERISA, 29 U.S.C. § 1132(d)(1). The Pension Fund is administered in Metairie, Louisiana and is located at 2450 Severn Avenue, Suite 517, Metairie, Louisiana 70001.

5. Plaintiff, Direct Contribution Plan & Trust, is a defined contribution plan as defined in ERISA, established by the Iron Workers and employers in an industry affecting commerce, whose employees are members of that union, for the purposes of providing retirement benefits to

the employees. The Direct Contribution Plan is authorized to sue in its own name by § 502(d)(1) of ERISA, 29 U.S.C. § 1132(d)(1). The Direct Contribution Plan is administered in Oklahoma City, Oklahoma.

6. Plaintiffs, Apprenticeship Fund and Local are a pooled funds as allowed by Section 302 of the Labor Management Relations Act. 29 U.S.C. § 186. The Apprenticeship & Training Fund and Local are administered in Oklahoma City, Oklahoma.

7. Defendant, RSM Development, Inc. is an Oklahoma corporation (hereinafter referred to as "the Contractor" or "RSM") and is a private employer. The Contractor is party to a Collective Bargaining Agreement ("CBA") with the Iron Workers Locals 48 and 584. The CBA binds the Contractor to the Agreements and Declarations of Trust for the Welfare Plan, Direct Contribution Plan, Apprenticeship Fund and Pension Fund which require the Contractor to submit monthly remittance reports and pay monthly fringe benefit contributions to the Welfare Plan, the Direct Contribution Plan, the Apprenticeship Fund and the Pension Fund.

8. The Contractor transacts business in the State of Oklahoma. It has been at all material times, an "employer" within the meaning of § 3(5) of ERISA, 29 U.S.C. §§ 152(2) and 1002(5). It has at all material times, been engaged as a contractor or subcontractor in the construction industry and, as such, has been, and continues to be, an employer in an "industry affecting commerce" as defined in § 3(12) of ERISA, and 29 U.S.C. § 1002 (12). The Contractor's principal place of business located at 2701 Haindl Drive, Oklahoma City, Oklahoma

9. Defendants, Kevin Ruggs, Justin Small and Nate Moser are to the best knowledge and belief of the Plaintiffs, the controlling owners of RSM and have exercised control over the fringe benefit contributions due each of the Plaintiff Funds, which are Plan assets of each of the Plaintiff Funds.

## **FIRST CAUSE OF ACTION**

### **(Unpaid Fringe Benefit Contributions and Dues)**

10. Plaintiffs hereby incorporate the allegations set forth in Paragraphs 1 through 9 of this Complaint as if fully set forth and repeated in Count Four.

11. RSM is a party to the CBA, which binds RSM to pay monthly fringe benefit contributions to the Plaintiff Funds and dues to the Local on behalf of employees represented in collective bargaining by Local 48 for services performed at projects in Oklahoma.

12. As a signatory to the CBA, RSM agrees to be bound by the Agreements and Declarations of Trust, and Rules and Regulations of the Plaintiffs Funds.

13. The CBA and Trust Agreements require RSM to submit monthly remittance reports itemizing all hours worked by employees in the bargaining unit and covered by the CBA, and make the payments of fringe benefit contributions to the Plaintiff Funds and dues to the Local based upon information provided to Plaintiffs in the monthly remittance reports.

14. RSM submitted remittance reports for the months of October, November, and December 2019, but has failed to make payments for the fringe benefit contributions due to the Plaintiff Funds and dues to the Local for hours worked by employees in the bargaining unit and covered by the CBA for such months.

15. RSM has failed to submit remittance reports and pay fringe benefit contributions and dues for the month of January 2020.

16. The Plaintiff Funds are authorized and empowered under the Trust Agreements and duly adopted Rules and Regulations to conduct an audit, including to examine and copy the payroll books and records of any contributing employer to determine whether the employer is accurately complying with the contribution obligations established under the CBA.

17. The Plaintiff Funds and Local have requested payment of the unpaid fringe benefit contributions and dues from RSM. However, despite such requests RSM has failed to remit payment of contributions and dues owed.

18. The Plaintiff Funds are entitled to collect all delinquent fringe benefit contributions owed from October 2019 to January 2020, and any delinquent fringe benefit contributions thereafter. The Local is entitled to collect all dues owed from October 2019 to January 2020, and any dues thereafter.

19. The Plaintiffs Funds are entitled to accruing interest at rates as provided for by the respective Plaintiff Funds.

20. In accordance with ERISA, certain Plaintiffs Funds are entitled to liquidated damages on the unpaid fringe benefit contributions.

21. The Plaintiff Funds are entitled to recover all costs incurred in exacting compliance under the CBA, Plan Documents and Trust Agreements, including the actual costs of any payroll audit, attorneys' fees and costs of this litigation.

22. The Contractor has violated its obligations to the Plaintiff Funds under applicable law by failing to satisfy its obligation to timely remit all remittance reports and fringe benefit contributions. Due to the described failure and breach of CBA by the Contractor, Plaintiff Funds are unable to determine, and fund, the benefits accrued by employees who have worked and are now working in covered employment with RSM.

23. Plaintiff Funds are entitled to the unpaid contributions under §§ 502 and 515 of ERISA, 29 U.S.C. §§ 1132 and 1145 and § 301 of the Labor Management Relations Act, 29 U.S.C. § 185. In addition to the unpaid fringe benefit contributions, Plaintiff Funds are, pursuant to

§ 502(g)(2) of ERISA, 29 U.S.C. § 1132(g)(2) entitled to: interest on the unpaid fringe benefit contributions; liquidated damages; and reasonable attorneys' fees, audit fees and costs of litigation.

WHEREFORE, the Plaintiffs pray for judgment as follows:

(a) That the Court order RMS Development, Inc. to submit to an audit by Plaintiffs' auditors for the period January 2019 through the present;

(b) That the Court grant judgment against RSM Development, Inc. for all fringe benefit contributions and dues found to be due Plaintiffs together with interest and liquidated damages;

(c) That the Court award Plaintiffs their reasonable attorneys' fees, audit fees and costs as provided in Section 502(g)(2) of the ERISA, 29 U.S.C. § 1132(g)(2); and

(d) That this Court grant the Plaintiffs such further relief as is deemed just and appropriate.

## SECOND CAUSE OF ACTION

### *(BREACH OF FIDUCIARY DUTY)*

24. Plaintiffs hereby incorporate the allegations set forth in Paragraphs 1 through 23 of this complaint as if fully set forth and repeated in Count Four.

25. The Plaintiff Funds' contractual right to the unpaid monthly employer fringe benefit contributions are assets of the respective Plaintiff Funds.

26. Defendants, Kevin Ruggs, Justin Small and Nate Moser are to the best knowledge and belief of the Plaintiff Funds, as the controlling owners of RSM, exercised control over assets of the Plaintiff Funds, specifically unpaid monthly employer fringe benefit contributions to the Plaintiff Funds. Kevin Ruggs, Justin Small and Nate Moser are each liable individually and as a fiduciary of the Plaintiff Funds pursuant to § 3 (21)(A) of ERISA, 29 U.S.C. § 1002 (21)(A).

WHEREFORE, the Plaintiffs pray for judgment as follows:

(a)     That the Court declare RSM Development, Inc and Kevin Ruggs, Justin Small and Nate Moser liable to the Plaintiffs for all unpaid fringe benefit contributions, dues, plus interest and liquidated damages, due and owing to each Plaintiffs Fund for hours worked by covered employees employed by RSM throughout the term of the CBA.

(b)     For an accounting by payroll audit of RSM Development, Inc books and records, at Defendants' expense, to verify the amount of unpaid fringe benefit contributions due to each Plaintiff Funds.

(c)     That Defendants RSM Development, Inc and Kevin Ruggs, Justin Small and Nate Moser all be enjoined from failing to pay fringe benefit contributions and making reports to the Plaintiff Funds and Local 48 in the manner required by the applicable CBA.

(d)     That the Plaintiffs be awarded their reasonable attorneys' fees and costs as provided in Section 502(g)(2) of ERISA, 29 U.S.C. § 1132(g)(2).

(e)     That this Court grant the Plaintiffs such further relief as is deemed just and appropriate.

A copy of the Complaint has been served on the Secretary of Labor and the Secretary of the Treasury by certified mail pursuant to 29 U.S.C. § 1132(h).

Respectfully submitted,

**HOLLOWAY•MONAGHAN•KING**

  /s/ Kelly F. Monaghan
Kelly F. Monaghan (OK Bar No. 11681)
W. Brant Warrick (OK Bar No. 30967)
4111 So. Darlington, Suite 900
Tulsa, Oklahoma 74135
Telephone: (918) 627-6202
Facsimile: (918) 627-6265
kmonaghan@hmkoklaw.com
bwarrick@hmkoklaw.com

Attorneys for Plaintiffs

**CERTIFICATE OF SERVICE**

This is to certify that a copy of the foregoing Complaint has been served by certified mail, as required by Section 502(h) of the Employee Retirement Income Security Act of 1974, 29 U.S.C. § 1132(h) this __ day of March, 2020 on the following:

Steven Terner Mnuchin – **CERTIFIED RETURN RECEIPT NO. 7013 2250 0001 8067 8587**
Department of The Treasury
1500 Pennsylvania Avenue, N.W.
Washington, D.C. 20220

Alexander Acosta, **- CERTIFIED RETURN RECEIPT NO. 7019 1120 0000 4471 0177**
Secretary of Labor
U.S. Department of Labor
200 Construction Avenue, N.W.
Washington, D.C. 20002

  /s/ Kelly F. Monaghan
Kelly F. Monaghan